E-FILED
Friday, 07 September, 2018  04:40:38 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT FOR
## THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| DEANA MCDONAGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 2:18-CV-2186 |
| v. | ) | |
| | ) | Hon. Colin S. Bruce |
| BOARD OF TRUSTEES OF THE | ) | |
| UNIVERSITY OF ILLINOIS, | ) | Magistrate Judge Eric Long |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

NOW COMES Defendant The Board of Trustees of the University of Illinois, by and through its attorneys, and for its Answer to Plaintiff's Complaint in the above-captioned matter states as follows:

### Introduction

1.     This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. ("Title VII"), the Equal Pay Act, 29 U.S.C. § 206 et seq. ("EPA"), and the Illinois Equal Pay Act of 2003, 820 ILCS 112/1 et seq. ("IEPA").

**ANSWER:  Defendant admits only that Plaintiff has filed a federal civil action against it in which she claims that Defendant is liable under various laws and statutes, specifically Title VII of the Civil Rights Act of 1964, the Equal Pay Act, and the Illinois Equal Pay Act. Defendant does not contest this Court's jurisdiction over this matter. Defendant denies that it subjected Plaintiff to discrimination or any other unlawful treatment in violation of any law. Defendant denies any remaining allegations in Paragraph No. 1.**

**Jurisdiction & Venue**

2.      Jurisdiction over the subject matter of this litigation exists under Title VII, and pursuant to 28 U.S.C. § 1331 and § 1343, as this action involves federal questions regarding Plaintiff's civil rights under Title VII and the EPA. As to those claims not arising under federal law but clearly related to the claims in this action, supplemental jurisdiction exists under 28 U.S.C. § 1367.

**ANSWER: Defendant admits only that Plaintiff has filed a federal civil action against it in which she claims that Defendant is liable under various laws and statutes, specifically Title VII of the Civil Rights Act of 1964, the Equal Pay Act, and the Illinois Equal Pay Act. Defendant does not contest this Court's jurisdiction over this matter. Defendant denies that it subjected Plaintiff to discrimination or any other unlawful treatment in violation of any law. Defendant denies any remaining allegations in Paragraph No. 2.**

3.      Plaintiff timely filed administrative charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 3, 2017 and September 15, 2017. Plaintiff received her Notice of Right to Sue in relation to those charges on May 30, 2018. A copy of that Notice is attached here as Exhibit A.

**ANSWER: Defendant admits that Plaintiff's Charge of Discrimination was marked as received by the Equal Employment Opportunity Commission ("EEOC") on August 3, 2017 and an amended Charge of Discrimination was marked as received by the EEOC on September 15, 2017. Defendant further admits that it is in receipt of a letter issued by the U.S. Department of Justice, Civil Rights Division, dated May 23, 2018, stating that Plaintiff has the right to institute a civil action under Title VII of the Civil Rights Act of 1964 against**

2

Defendant. **Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3.**

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because the unlawful conduct complained of herein took place in Champaign County, within the Central District of Illinois, Urbana Division.

**ANSWER:  Defendant admits only that Plaintiff has filed a federal civil action against it in which she claims that Defendant is liable under various laws and statutes. Defendant does not contest that venue is proper in the Central District of Illinois, Urbana Division. Defendant denies that it subjected Plaintiff to discrimination or any other unlawful treatment in violation of any law. Defendant denies any remaining allegations contained in Paragraph No. 4.**

<u>**Factual Allegations**</u>

5.      Dr. Deana McDonagh ("Plaintiff") is a citizen of the United States and a resident of Champaign, Champaign County, Illinois. At all relevant times, Plaintiff worked for Defendant and was an "employee" as defined by the afore-mentioned statutes.

**<u>ANSWER</u>:  The term "at all relevant times" is vague and ambiguous and Defendant therefore denies the same. Defendant admits that it has employed Plaintiff since 2004, and further admits that its personnel files indicate that she is a resident of Champaign, Champaign County, Illinois. Upon information and belief, Defendant denies that Plaintiff is a citizen of the United States.**

6.      The Board of Trustees of the University of Illinois ("Defendant") is an Illinois body corporate and politic and the governing body for the University of Illinois. At all relevant times, Defendant was a covered entity as defined by the afore-mentioned statutes.

**ANSWER: Defendant admits the allegations of Paragraph No. 6.**

7.      Plaintiff began working for Defendant in 2004 as an Associate Professor of Industrial Design in Defendant's Industrial Design Program ("Program") which is located within the School of Art & Design. At the time of her hire, Defendant put her on a fast track to receive tenure.

**ANSWER: Defendant admits that it hired Plaintiff in 2004 as a Dual Career hire as a 50% time Associate Professor of Industrial Design in the Industrial Design Program, which is part of the School of Art & Design. Defendant denies the remaining allegations of Paragraph No. 7.**

8.      Plaintiff consistently met and/or exceeded Defendant's performance expectations and, in or around, May of 2006, she earned tenure status and was promoted to Associate Professor with full tenure.

**ANSWER: Defendant states that in or around August 2007 Plaintiff was granted tenure at the rank of Associate Professor. Defendant denies the remaining allegations of Paragraph No. 8.**

9.      Plaintiff was the first, and continues to be the only, female tenured faculty member in the Program's more than 75-year history.

**ANSWER: Defendant admits the allegations of Paragraph No. 9 on information and belief.**

10.      In or around June of 2006, Plaintiff obtained her Ph.D., becoming the only faculty member in the Program with a Ph.D.

**ANSWER:** **Defendant admits that it is was advised in or around November 2008 that Plaintiff was awarded a Ph.D. in March 2006. Defendant admits the remaining allegations of Paragraph No. 10.**

11.     Since that time, Plaintiff has continued to excel in her role and to meet and/or exceed Defendant's performance expectations. For example, Plaintiff was awarded a faculty bursary from the National Inventors Hall of Fame in 2009, and she received awards for teaching excellence from Defendant in the Spring of 2011 and the Fall of 2017. In 2011, she was appointed Research Fellow at Coventry University (UK) in recognition of her international research work, and in 2012, she was appointed the Director of Research for Herbst Produkt (an international award-winning design studio in Santa Cruz). She has worked on a million-dollar grant and has published articles in internationally refereed journals. In 2013, she was appointed the Designer-in-Residence at the Research Park at University of Illinois Urbana-Champaign; in 2016, she was appointed the Industrial Designer-in-Chief for the Health Care Engineering Systems Center; in 2017, she was appointed the Designer-in-Residence at the Beckman Institute of Advanced Science and Technology; and she continues to be on the editorial board for major international academic research journals.

**ANSWER: Defendant denies the allegation that "Plaintiff has continued to excel in her role and to meet and/or exceed Defendant's performance expectations." Defendant admits that Plaintiff received in February 2011 a Faculty Award for Excellence for teaching for 2010-2011; was appointed in or around 2013 the Designer Entrepreneur-in-Residence at Enterprise Works at the Research Park at the University of Illinois Urbana-Champaign; in or around 2016 was appointed the Chief Industrial Designer for the Health Care Engineering Systems Center; and in or around 2017 was appointed the Designer-in-Residence at the**

Beckman Institute of Advanced Science and Technology. Defendant admits on information and belief that Plaintiff was awarded a faculty bursary from the National Inventors Hall of Fame in 2009; was appointed a Research Fellow at Coventry University (UK) in 2011; is Director of Insights for Herbst Produkt; worked on a million-dollar grant; published articles in international journals; and that she is on the editorial board for international academic research journals. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations that Plaintiff was appointed Research Fellow at Coventry University (UK) in recognition of her international research work; that in 2012 she was appointed Director of Research for Herbst Produkt and whether Herbst Produkt is an international award-winning design studio. Defendant denies the remaining allegations of Paragraph No. 11.

12. In 2014, Plaintiff was promoted to Full Professor and became the first and only female tenured Full Professor in the Program's history.

**ANSWER: Defendant admits the allegations of Paragraph No. 12 on information and belief.**

13. Plaintiff is one of four tenured faculty holding the title of Full Professor in the Program.

**ANSWER: Defendant admits that Plaintiff is currently one of four tenured faculty holding the title of Professor in the Industrial Design Program.**

14. Plaintiff and her male counterpart Full Professors all report to the same Chair of the Program and Director of the School of Art & Design.

**ANSWER: Defendant admits that there is a single administrative structure for the Industrial Design Program, which includes a single Director for the School of Art & Design and a single**

6

Chair of the Industrial Design Program. Defendant denies the remaining allegations in Paragraph No. 14.

15.     Further, each tenured Full Professor in the Program is expected to perform precisely the same tasks. Specifically, all tenured Full Professors in the Program are expected to devote forty percent of their time to teaching (typically, they each teach two courses per semester), forty percent of their time to research, and twenty percent of their time in service to the University community.

**ANSWER: Defendant denies the allegation that each tenured full Professor in the Program is expected to perform precisely the same tasks. Defendant admits that, all things being equal, tenured full professors are expected to devote approximately forty percent of their time to teaching, which constitutes approximately two courses per semester, forty percent of their time to research, and twenty percent of their time in service to the University community. However Defendant denies that this description accurately or fully describes the job duties of each professor in Plaintiff's Program. Defendant denies any remaining allegations in Paragraph No. 15.**

16.     As a result, Plaintiff and her male counterparts' jobs require exactly the same skill, effort, and responsibility and their jobs are performed under identical working conditions.

**ANSWER:  Defendant denies the allegations of Paragraph No. 16.**

17.     Despite those similarities, Plaintiff has been paid significantly less than her male counterparts since the time she was promoted to tenured Full Professor.

**ANSWER: Defendant denies the allegations of Paragraph No. 17.**

18.     For example, in the most recent academic year (2016-2017), Plaintiff and her male counterparts received the following base compensation:

7

| | |
|---|---|
| Plaintiff, Dr. Deana McDonagh: | $100,182.00 |
| Professor David Weightman: | $112,938.00 |
| Professor William Bullock: | $121,082.00 |
| Professor Suresh Sethi: | $156,450.00 |

**ANSWER:  Defendant denies the allegations of Paragraph No. 18.**

19.    This gender-based disparity in compensation has been ongoing since 2014.

**ANSWER: Defendant denies the allegations of Paragraph No. 19.**

20.    Between 2014 and 2017, Plaintiff spoke with many members of Defendant's administration about her concerns that she was being paid less than her male counterparts and her belief that the compensation disparity was based on her gender.

**ANSWER:   Defendant admits that Plaintiff spoke with some members of Defendant's administration about her concerns over her pay, but denies that all of those complaints mentioned disparities based on her sex, denies that Plaintiff's complaints were meritorious, and denies that she was paid less than her male counterparts on the basis of her sex. Defendant denies any remaining allegations in Paragraph No. 20.**

21.    For example, Plaintiff raised complaints with the Director of the School of Art & Design, the Dean of the College of Fine and Applied Arts, the Vice Provost for Faculty Affairs and Academic Policies, the Vice Provost for Academic Affairs, the Associate Provost for Human Resources, and both the Assistant Director and Director of the University's Office of Diversity and Accessibility.

**ANSWER: Defendant admits that Plaintiff raised complaints about her compensation to Professor Alan Mette, Director of the School of Art & Design; Professor William Bernhard, the Vice Provost for Academic Affairs; Elyne Cole, the Associate Provost for Human Resources; Jennie Duran, the Assistant Director of the Office of Diversity, Equity, and**

Access; and Heidi Johnson the Director of the Office of Diversity, Equity, and Access. Plaintiff's allegation that she "raised complaints with…the Dean of the College of Fine and Applied Arts" is vague and ambiguous, as multiple individuals held that title during the relevant period of time, and Defendant therefore denies the same. Defendant lacks knowledge and information sufficient to form a belief as to the truth of Plaintiff's allegation that she complained to Professor Elabbas Benmamoun, the Vice Provost for Faculty Affairs and Academic Policies. Defendant denies that all of Plaintiff's complaints were based on gender, denies that Plaintiff's complaints were meritorious, and denies that she was paid less than her male counterparts on the basis of her sex. Defendant denies any remaining allegations in Paragraph No. 21.

22.      As a result of Plaintiff's complaints, Defendant awarded her a few small pay increases over the course of the last five years. But as indicated above, Plaintiff's base compensation remains significantly less than that of her male Full Professor counterparts.

**ANSWER:  Defendant admits that Plaintiff received pay increases over the last five years. Defendant denies the remaining allegations of Paragraph 22.**

23.      In or around September of 2014, Defendant's then Director of the School of Art & Design responded to one of Plaintiff's complaints by asking her why she needed a pay increase given that Plaintiff does not have a family.

**ANSWER:  Defendant denies the allegations of Paragraph 23.**

24.      Further, in or around November of 2016, Defendant's Office of Diversity and Accessibility stated that it would investigate Plaintiff's complaint of discrimination and provide her with their findings within sixty days. However, to date, Plaintiff has not been made aware of any investigation having been conducted and has not been provided with findings.

**ANSWER:  Defendant admits that in or around November 2016, Plaintiff met with Jennie Duran of the Office of Diversity, Equity and Access, and that Ms. Duran stated that she would investigate Plaintiff's discrimination complaint and that she had 60 days to do so. Defendant states that the investigation was halted prior to the issuance of a findings report. Defendant denies that Plaintiff was not made aware of the investigation, and denies any remaining allegations of Paragraph 24.**

25.     Given these inadequate responses, on August 3, 2017, Plaintiff filed a charge of discrimination alleging gender-based discrimination and pay disparities.

**ANSWER:  Defendant admits that Plaintiff filed a charge of discrimination alleging sex discrimination and pay disparities that was marked as received by the EEOC on August 3, 2017. Defendant lacks knowledge and information sufficient to form a belief as to the truth of Plaintiff's reasons for filing this charge. Defendant denies that its responses to Plaintiff were inadequate. Defendant denies any remaining allegations in Paragraph No. 25.**

26.     On August 24, 2017, just three weeks later, Defendant issued Plaintiff her first ever mediocre faculty evaluation which included a number of false and/or unjustified performance criticisms.

**ANSWER: Defendant denies the allegations of Paragraph No. 26.**

## COUNT I

## GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

27.     Plaintiff incorporates by reference the preceding paragraphs 1 through 26 as though fully set forth in this Count I.

**ANSWER: Defendant incorporates by reference its answers to the preceding Paragraphs 1 through 26 as though full set forth in response to this Count I.**

28.     Plaintiff is a female and entitled to the protections of Title VII.

**ANSWER:  Defendant admits that Plaintiff is a female. Defendant makes no answer to the remaining statement in Paragraph No. 28 as it is not an allegation of fact that can be admitted or denied, but a purported conclusion of law.**

29.     Defendant intentionally discriminated against Plaintiff based on her gender and in violation of Title VII by subjecting her to disparate treatment and compensation.

**ANSWER:  Defendant denies the allegations of Paragraph No. 29.**

30.     Defendant had no legitimate, nondiscriminatory reason for the disparate treatment.

**ANSWER: Defendant denies the allegations of Paragraph No. 30. Defendant further denies any disparate treatment of Plaintiff.**

31.     Defendant engaged in the aforesaid discriminatory acts with malice and/or with reckless indifference to Plaintiff's federally-protected rights under Title VII.

**ANSWER: Defendant denies the allegations of Paragraph No. 31.**

32.     As a direct and proximate result of said acts, Plaintiff has suffered loss of income, emotional distress, and future lost income and profits.

**WHEREFORE**, Plaintiff requests that this Court:

A.     Enter a finding that Defendant discriminated against her in violation of Title VII;

B.     Enter a finding that Defendant engaged in the gender discrimination with malice and/or reckless indifference for Plaintiff's rights under Title VII;

C.     Order Defendant to increase Plaintiff's compensation commensurate with her male counterparts;

D.      Award Plaintiff lost wages and benefits;

E.      Award Plaintiff compensatory and punitive damages in an amount to be proven at trial;

F.      Award Plaintiff her reasonable attorneys' fees and costs incurred in bringing this action; and

G.      Award any further relief this Court deems to be just and appropriate.

**ANSWER:  Defendant denies that Plaintiff is entitled to any judgment against it and further denies that she is entitled to any of the relief requested in subparagraphs A through G.**

## COUNT II
## VIOLATION OF THE EQUAL PAY ACT

33.     Plaintiff incorporates the preceding paragraphs 1 through 26 as though fully set forth in this Count II.

**ANSWER:  Defendant incorporates the preceding Paragraphs 1 through 26 as though fully set forth in response in this Count II.**

34.     Defendant knowingly paid Plaintiff substantially less than her male counterparts for the same or substantially similar work in the same or substantially similar working conditions.

**ANSWER: Defendant denies the allegations of Paragraph No. 34.**

35.     As a result of the unequal pay, Plaintiff has suffered loss of income, emotional distress, and future lost income and profits.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A.      Enter a finding that Defendant violated the Equal Pay Act;

B.      Order Defendant to increase Plaintiff's compensation commensurate with her male counterparts;

C.      Award Plaintiff lost wages and benefits;

12

D.      Award Plaintiff liquidated damages;

E.      Award Plaintiff attorneys' fees and costs; and

F.      Award Plaintiff any further relief that the Court may deem just and appropriate.

**ANSWER:  Defendant denies that Plaintiff is entitled to any judgment against it and further denies that she is entitled to any of the relief requested in subparagraphs A through F.**

## COUNT III
## VIOLATION OF ILLINOIS EQUAL PAY ACT

36.     Plaintiff incorporates the preceding paragraphs 1 through 26 as though fully set forth in this Count III.

**ANSWER:  Defendant incorporates its responses to the preceding Paragraphs 1 through 26 as though fully set forth in response to this Count III.**

37.     Defendant knowingly paid Plaintiff substantially less than her male counterparts for the same or substantially similar work in the same or substantially similar working conditions.

**ANSWER:  Defendant denies the allegations of Paragraph No. 37.**

38.     As a result of this unequal pay, Plaintiff has suffered loss of income, emotional distress, and future lost income and profits.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A.      Enter a finding that Defendant violated the Illinois Equal Pay Act;

B.      Order Defendant to increase Plaintiff's compensation commensurate with her male counterparts;

C.      Award Plaintiff lost wages and benefits;

D.      Award Plaintiff liquidated damages;

E.      Award Plaintiff attorneys' fees and costs; and

F.      Award Plaintiff any further relief that the Court may deem just and appropriate.

**ANSWER: Defendant denies that Plaintiff is entitled to any judgment against it and further denies that she is entitled to any of the relief requested in subparagraphs A through F.**

**COUNT IV**

**RETALIATION IN VIOLATION OF TITLE VII**

39.     Plaintiff incorporates by reference the preceding paragraphs 1 through 26 as though fully set forth herein this Count IV.

**ANSWER:  Defendant incorporates its responses to the preceding Paragraphs 1 through 26 as though fully set forth in response to this Count IV.**

40.     Plaintiff engaged in protected conduct when she complained about what she reasonably believed to be unlawful gender discrimination and filed her EEOC Charge.

**ANSWER: Defendant denies that all of her complaints about her compensation included complaints about unlawful gender discrimination. Defendant makes no further answer to the statements in Paragraph No. 40 as they are not allegations of fact that can be admitted or denied, but purported conclusions of law.**

41.     Defendant intentionally retaliated against Plaintiff by issuing her a mediocre faculty evaluation which included false and/or unjustified performance criticisms and by refusing to remedy the ongoing pay disparity.

**ANSWER: Defendant denies the allegations of Paragraph No. 41.**

42.     Defendant engaged in the aforesaid retaliatory acts with malice and/or with reckless indifference to Plaintiff's federally protected rights under Title VII.

**ANSWER:  Defendant denies the allegations of Paragraph No. 42.**

43.     As a direct and proximate result of said acts, Plaintiff has suffered loss of income, emotional distress, and future lost income and profits.

**WHEREFORE**, Plaintiff requests that this Court:

A.     Enter a finding that Defendant retaliated against her in violation of Title VII;

B.     Award Plaintiff lost wages;

C.     Award Plaintiff compensatory and punitive damages in an amount to be proven at trial;

D.     Award Plaintiff her reasonable attorneys' fees and costs incurred in bringing this action; and

E.     Award any further relief this Court deems to be just and appropriate.

**<u>ANSWER</u>: Defendant denies that Plaintiff is entitled to any judgment against it and further denies that she is entitled to any of the relief requested in subparagraphs A through E.**

<u>**COUNT V**</u>

<u>**RETALIATION IN VIOLATION OF THE EQUAL PAY ACT**</u>

44.     Plaintiff incorporates by reference the preceding paragraphs 1 through 26 as though fully set forth herein this Count V.

**<u>ANSWER</u>: Defendant incorporates its responses to the preceding Paragraphs 1 through 26 as though fully set forth in response to this Count V.**

45.     Plaintiff engaged in protected conduct when she complained about being paid significantly less than her male counterparts and when she filed her EEOC charge.

**<u>ANSWER</u>: Defendant denies that all of Plaintiff's complaints about her compensation included complaints about unlawful gender discrimination. Defendant makes no further answer to the statements in Paragraph No. 45 as they are not allegations of fact that can be admitted or denied, but purported conclusions of law.**

46.     Defendant intentionally retaliated against Plaintiff by issuing her a mediocre faculty evaluation which included false and/or unjustified performance criticisms and by refusing to remedy the ongoing pay disparity.

**ANSWER:  Defendant denies the allegations of Paragraph No. 46.**

47.     Defendant engaged in the aforesaid retaliatory acts with malice and/or with reckless indifference to Plaintiff's federally protected rights under the Equal Pay Act.

**ANSWER: Defendant denies the allegations of Paragraph No. 47.**

48.     As a direct and proximate result of said acts, Plaintiff has suffered loss of income, emotional distress, and future lost income and profits.

WHEREFORE, Plaintiff requests that this Court:

A.     Enter a finding that Defendant retaliated against her in violation of the Equal Pay Act;

B.     Award Plaintiff lost wages;

C.     Award Plaintiff liquidated damages;

D.     Award Plaintiff her reasonable attorneys' fees and costs incurred in bringing this action; and

E.     Award any further relief this Court deems to be just and appropriate.

**ANSWER: Defendant denies that Plaintiff is entitled to any judgment against it and further denies that she is entitled to any of the relief requested in subparagraphs A through E.**

**COUNT VI**

**RETALIATION IN VIOLATION OF THE ILLINOIS EQUAL PAY ACT**

49.     Plaintiff incorporates by reference the preceding paragraphs 1 through 26 as though fully set forth herein this Count VI.

**ANSWER:  Defendant incorporates its responses to the preceding Paragraphs 1 through 26 as though fully set forth in response to this Count VI.**

50.     Plaintiff engaged in protected conduct when she complained about being paid less than her male counterparts and filed her EEOC charge.

**ANSWER: Defendant denies that all of Plaintiff's complaints about her compensation included complaints about unlawful gender discrimination. Defendant makes no further answer to the statements in Paragraph No. 50 as they are not allegations of fact that can be admitted or denied, but purported conclusions of law.**

51.     Defendant intentionally retaliated against Plaintiff by issuing her a mediocre faculty evaluation which included false and/or unjustified performance criticisms and by refusing to remedy the pay disparity.

**ANSWER: Defendant denies the allegations of Paragraph No. 51.**

52.     Defendant engaged in the aforesaid retaliatory acts with malice and/or with reckless indifference to Plaintiff's rights under the Illinois Equal Pay Act.

**ANSWER:  Defendant denies the allegations of Paragraph No. 52.**

53.     As a direct and proximate result of said acts, Plaintiff has suffered loss of income, emotional distress, and future lost income and profits.

WHEREFORE, Plaintiff requests that this Court:

A.     Enter a finding that Defendant retaliated against Plaintiff in violation of the Illinois Equal Pay Act;

B.     Award Plaintiff lost wages;

C.     Award Plaintiff liquidated damages;

D.     Award Plaintiff her reasonable attorneys' fees and costs incurred in bringing this action; and

E.      Award any further relief this Court deems to be just and appropriate.

**ANSWER: Defendant denies that Plaintiff is entitled to any judgment against it and further deedines that she is entitled to any of the relief requested in subparagraphs A through E.**

## AFFIRMATIVE AND OTHER DEFENSES

Defendant Board of Trustees of the University of Illinois asserts the following defenses to Plaintiff's Complaint, but does not assume the burden of proof on any such defenses except as required by applicable law with respect to the particular defense asserted. Defendant asserts that it will rely upon all proper defenses, lawfully available, that may be disclosed by the evidence. Defendant reserves the right to amend this Answer to state such defenses.

1.      To the extent that Plaintiff purports to assert claims that were not included in her EEOC Charge of Discrimination, Charge No. 440-2017-05295, which is file stamped August 3, 2017, and including an amended version of the same charge, which is file stamped September 15, 2017, such claims exceed the scope of Plaintiff's underlying EEOC Charge, are administratively exhausted, and must be dismissed.

2.      To the extent Plaintiff seeks to recover for conduct which occurred more than 300 days before she filed her EEOC Charge, such claims are time-barred and should be dismissed.

3.      To the extent Plaintiff seeks to recover for claims under the Title VII that were not filed within 90 days after receiving notice from the EEOC of her right to sue, such claims are time-barred and should be dismissed.

4.      To the extent the Court determines that any of Defendant's agents acted maliciously or with reckless indifference to any of Plaintiff's statutory rights, such acts were contrary to Defendant's good-faith efforts to comply with applicable statutory law, and as such, Defendant cannot be held vicariously liable.

18

5.      Plaintiff's Complaint, in whole or in part, is barred because the actions complained of by Plaintiff were based on factors other than gender.

6.      Plaintiff's claims under the Equal Pay Act are barred because Plaintiff's wages were based on seniority, merit, and/or production, without regard to gender, or were otherwise based on factors other than gender.

7.      Plaintiff's Complaint, in whole or in part, is barred because all actions Defendants have taken with respect to Plaintiff have been for legitimate, nondiscriminatory reasons.

8.       Assuming, *arguendo* that any Plaintiff is able to establish that any unlawful motive played any part in the Defendant's purported adverse employment decisions, the Defendant would have made the same decisions, even in the absence of any unlawful motive.

9.      Defendant acted reasonably and in good faith, and not in willful violation of the civil rights statutes at issue in this action; accordingly, Plaintiff is barred from recovering punitive or liquidated damages.

10.     Defendant reserves the right to add additional affirmative defenses, and amend these defenses in accordance with federal rules and any orders entered by this Court.

WHEREFORE, Defendant Board of Trustees of the University of Illinois, requests that this Honorable Court dismiss Plaintiff's Complaint, in its entirety with prejudice, that Plaintiff Deana McDonagh take nothing by way of the Complaint, and that Defendant is awarded such further relief as the Court deems just and proper.

Dated: September 7, 2018             Respectfully submitted,

**THE BOARD OF TRUSTEES OF THE**
**UNIVERSITY OF ILLINOIS**

By:      /s/ *Monica H. Khetarpal*
               One of Defendant's Attorneys

Monica H. Khetarpal
Priya P. Khatkhate
Jackson Lewis P.C.
150 North Michigan Avenue
Suite 2500
Chicago, IL  60601
Phone:  (312) 787-4949
Fax:      (312) 787-4995
Monica.Khetarpal@jacksonlewis.com
Priya.Khatkhate@jacksonlewis.com

4830-7757-9889, v. 1

20