IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DEANA MCDONAGH,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BOARD OF TRUSTEES OF THE<br>UNIVERSITY OF ILLINOIS,<br><br>　　　　Defendant. | Case No. 2:18-CV-2186<br><br>Hon. Colin S. Bruce<br><br>Magistrate Judge Eric Long<br><br>**Trial by jury demanded.** |

### FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, by and through her attorneys, The Case Law Firm, LLC, and for her First Amended Complaint against Defendant states as follows:

### Introduction

1.　This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), the Equal Pay Act, 29 U.S.C. § 206 *et seq.* ("EPA"), and the Illinois Equal Pay Act of 2003, 820 ILCS 112/1 *et seq.* ("IEPA").

### Jurisdiction & Venue

2.　Jurisdiction over the subject matter of this litigation exists under Title VII, and pursuant to 28 U.S.C. § 1331 and § 1343, as this action involves federal questions regarding Plaintiff's civil rights under Title VII and the EPA. As to those claims not arising under federal law but clearly related to the claims in this action, supplemental jurisdiction exists under 28 U.S.C. § 1367.

3.　Plaintiff timely filed administrative charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 3, 2017 and September 15, 2017.

**EXHIBIT 1**

Plaintiff received her Notice of Right to Sue in relation to those charges on May 30, 2018. A copy of that Notice is attached here as Exhibit A.

4. Plaintiff filed an administrative charge of retaliation with the EEOC on March 20, 2019. Plaintiff has requested her Notice of Right to Sue in relation to that charge as well and the EEOC has forwarded Plaintiff's request to the United States Department of Justice ("DOJ"). See attached Exhibit B. Plaintiff will further amend her Complaint to reflect her receipt of that Notice of Right to Sue once she has received it.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because the unlawful conduct complained of herein took place in Champaign County, within the Central District of Illinois, Urbana Division.

## Factual Allegations

6. Dr. Deana McDonagh ("Plaintiff") is a citizen of the United States and a resident of Champaign, Champaign County, Illinois. At all relevant times, Plaintiff worked for Defendant and was an "employee" as defined by the afore-mentioned statutes.

7. The Board of Trustees of the University of Illinois ("Defendant") is an Illinois body corporate and politic and the governing body for the University of Illinois. At all relevant times, Defendant was a covered entity as defined by the afore-mentioned statutes.

### Plaintiff's Employment History with the University of Illinois

8. Plaintiff began working for Defendant in 2004 as an Associate Professor of Industrial Design in Defendant's Industrial Design Program ("Program") which is located within the School of Art & Design. At the time of her hire, Defendant put her on a fast track to receive tenure.

9. Plaintiff consistently met and/or exceeded Defendant's performance expectations and, in or around, May of 2006, she earned tenure status and was promoted to Associate Professor with full tenure.

10. Plaintiff was the first, and continues to be the only, female tenured faculty member in the Program's more than 75-year history.

11. In or around June of 2006, Plaintiff obtained her Ph.D., becoming the only faculty member in the Program with a Ph.D.

12. Since that time, Plaintiff has continued to excel in her role and to meet and/or exceed Defendant's performance expectations. For example, Plaintiff was awarded a faculty bursary from the National Inventors Hall of Fame in 2009, and she received awards for teaching excellence from Defendant in the Spring of 2011 and the Fall of 2017. In 2011, she was appointed Research Fellow at Coventry University (UK) in recognition of her international research work, and in 2012, she was appointed the Director of Research for Herbst Produkt (an international award-winning design studio in Santa Cruz). She has worked on a million-dollar grant and has published articles in internationally refereed journals. In 2013, she was appointed the Designer-in-Residence at the Research Park at University of Illinois Urbana-Champaign; in 2016, she was appointed the Industrial Designer-in-Chief for the Health Care Engineering Systems Center; in 2017, she was appointed the Designer-in-Residence at the Beckman Institute of Advanced Science and Technology; and she continues to be on the editorial board for major international academic research journals.

13. In 2014, Plaintiff was promoted to Full Professor and became the first and only female tenured Full Professor in the Program's history.

**Defendant Discriminates Against Plaintiff Based on her Gender**

14. Plaintiff is one of four tenured faculty holding the title of Full Professor in the Program.

15. Plaintiff and her male counterpart Full Professors all report to the same Chair of the Program and Director of the School of Art & Design.

16. Further, each tenured Full Professor in the Program is expected to perform precisely the same tasks. Specifically, all tenured Full Professors in the Program are expected to devote forty percent of their time to teaching (typically, they each teach two courses per semester), forty percent of their time to research, and twenty percent of their time in service to the University community.

17. As a result, Plaintiff and her male counterparts' jobs require exactly the same skill, effort, and responsibility and their jobs are performed under identical working conditions.

18. Despite those similarities, Plaintiff has been paid significantly less than her male counterparts since the time she was promoted to tenured Full Professor.

19. For example, in the most recent academic year (2016-2017), Plaintiff and her male counterparts received the following base compensation:

| | |
|---|---|
| Plaintiff, Dr. Deana McDonagh: | $100,182.00 |
| Professor David Weightman: | $112,938.00 |
| Professor William Bullock: | $121,082.00 |
| Professor Suresh Sethi: | $156,450.00 |

20. This gender-based disparity in compensation has been ongoing since 2014.

**Plaintiff Complains of Gender Discrimination and Defendant Retaliates**

21. Between 2014 and 2017, Plaintiff spoke with many members of Defendant's administration about her concerns that she was being paid less than her male counterparts and her belief that the compensation disparity was based on her gender.

22. For example, Plaintiff raised complaints with the Director of the School of Art & Design, the Dean of the College of Fine and Applied Arts, the Vice Provost for Faculty Affairs and Academic Policies, the Vice Provost for Academic Affairs, the Associate Provost for Human Resources, and both the Assistant Director and Director of the University's Office of Diversity and Accessibility.

23. As a result of Plaintiff's complaints, Defendant awarded her a few small pay increases over the course of the last five years. But as indicated above, Plaintiff's base compensation remains significantly less than that of her male Full Professor counterparts.

24. In or around September of 2014, Defendant's then Director of the School of Art & Design responded to one of Plaintiff's complaints by asking her why she needed a pay increase given that Plaintiff does not have a family.

25. Further, in or around November of 2016, Defendant's Office of Diversity and Accessibility stated that it would investigate Plaintiff's complaint of discrimination and provide her with their findings within sixty days. However, to date, Plaintiff has not been made aware of any investigation having been conducted and has not been provided with findings.

26. Given these inadequate responses, on August 3, 2017, Plaintiff filed a charge of discrimination alleging gender-based discrimination and pay disparities.

27. On August 24, 2017, just three weeks later, Defendant issued Plaintiff her first ever mediocre faculty evaluation which included a number of false and/or unjustified performance criticisms.

### Plaintiff Files Suit and Defendant Retaliates Further

28. On July 6, 2018, Plaintiff filed this lawsuit against Defendant alleging gender-based pay discrimination and retaliation in violation of Title VII, the federal Equal Pay Act, and the Illinois Equal Pay Act.

29. Then, on or around February 27, 2019, Defendant's Dean of the College of Fine and Applied Arts contacted the Chair of the Faculty Advisory Committee and stated that he did not believe Plaintiff should continue to serve on that Committee because she was suing the University. Plaintiff had served on the Faculty Advisory Committee as an elected committee member since August of 2017.

30. As a result, on March 13, 2019, the Chair of the committee contacted Plaintiff and asked her to leave the Faculty Advisory Committee "at least until [her] case is settled."

### COUNT I
### GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

31. Plaintiff incorporates by reference the preceding paragraphs 1 through 30 as though fully set forth in this Count I.

32. Plaintiff is a female and entitled to the protections of Title VII.

33. Defendant intentionally discriminated against Plaintiff based on her gender and in violation of Title VII by subjecting her to disparate treatment and compensation.

34. Defendant had no legitimate, nondiscriminatory reason for the disparate treatment.

35. Defendant engaged in the aforesaid discriminatory acts with malice and/or with reckless indifference to Plaintiff's federally-protected rights under Title VII.

36. As a direct and proximate result of said acts, Plaintiff has suffered loss of income, emotional distress, and future lost income and profits.

**WHEREFORE**, Plaintiff requests that this Court:

A. Enter a finding that Defendant discriminated against her in violation of Title VII;

B. Enter a finding that Defendant engaged in the gender discrimination with malice and/or reckless indifference for Plaintiff's rights under Title VII;

C. Order Defendant to increase Plaintiff's compensation commensurate with her male counterparts;

D. Award Plaintiff lost wages and benefits;

E. Award Plaintiff compensatory and punitive damages in an amount to be proven at trial;

F. Award Plaintiff her reasonable attorneys' fees and costs incurred in bringing this action; and

G. Award any further relief this Court deems to be just and appropriate.

## COUNT II
## VIOLATION OF THE EQUAL PAY ACT

37. Plaintiff incorporates the preceding paragraphs 1 through 30 as though fully set forth in this Count II.

38. Defendant knowingly paid Plaintiff substantially less than her male counterparts for the same or substantially similar work in the same or substantially similar working conditions.

39. As a result of the unequal pay, Plaintiff has suffered loss of income, emotional distress, and future lost income and profits.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Enter a finding that Defendant violated the Equal Pay Act;

B. Order Defendant to increase Plaintiff's compensation commensurate with her male counterparts;

C. Award Plaintiff lost wages and benefits;

D. Award Plaintiff liquidated damages;

E. Award Plaintiff attorneys' fees and costs; and

F. Award Plaintiff any further relief that the Court may deem just and appropriate.

## COUNT III
## VIOLATION OF ILLINOIS EQUAL PAY ACT

40. Plaintiff incorporates the preceding paragraphs 1 through 30 as though fully set forth in this Count III.

41. Defendant knowingly paid Plaintiff substantially less than her male counterparts for the same or substantially similar work in the same or substantially similar working conditions.

42. As a result of this unequal pay, Plaintiff has suffered loss of income, emotional distress, and future lost income and profits.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Enter a finding that Defendant violated the Illinois Equal Pay Act;

B. Order Defendant to increase Plaintiff's compensation commensurate with her male counterparts;

C. Award Plaintiff lost wages and benefits;

D. Award Plaintiff liquidated damages;

E. Award Plaintiff attorneys' fees and costs; and

F. Award Plaintiff any further relief that the Court may deem just and appropriate.

## COUNT IV
## RETALIATION IN VIOLATION OF TITLE VII

43. Plaintiff incorporates by reference the preceding paragraphs 1 through 30 as though fully set forth herein this Count IV.

44. Plaintiff engaged in protected conduct when she complained about what she reasonably believed to be unlawful gender discrimination, filed her EEOC Charge, and filed this lawsuit.

45. Defendant intentionally retaliated against Plaintiff by issuing her a mediocre faculty evaluation which included false and/or unjustified performance criticisms, by refusing to remedy the ongoing pay disparity, and by removing her from her elected position on the Faculty Advisory Committee.

46. Defendant engaged in the aforesaid retaliatory acts with malice and/or with reckless indifference to Plaintiff's federally protected rights under Title VII.

47. As a direct and proximate result of said acts, Plaintiff has suffered loss of income, emotional distress, and future lost income and profits.

**WHEREFORE,** Plaintiff requests that this Court:

A. Enter a finding that Defendant retaliated against her in violation of Title VII;

B. Award Plaintiff lost wages;

C. Award Plaintiff compensatory and punitive damages in an amount to be proven at trial;

    D. Award Plaintiff her reasonable attorneys' fees and costs incurred in bringing this action; and

    E. Award any further relief this Court deems to be just and appropriate.

## COUNT V
## RETALIATION IN VIOLATION OF THE EQUAL PAY ACT

48. Plaintiff incorporates by reference the preceding paragraphs 1 through 30 as though fully set forth herein this Count V.

49. Plaintiff engaged in protected conduct when she complained about being paid significantly less than her male counterparts, filed her EEOC charge, and filed this lawsuit.

50. Defendant intentionally retaliated against Plaintiff by issuing her a mediocre faculty evaluation which included false and/or unjustified performance criticisms, by refusing to remedy the ongoing pay disparity, and by removing her from her elected position on the Faculty Advisory Committee.

51. Defendant engaged in the aforesaid retaliatory acts with malice and/or with reckless indifference to Plaintiff's federally protected rights under the Equal Pay Act.

52. As a direct and proximate result of said acts, Plaintiff has suffered loss of income, emotional distress, and future lost income and profits.

**WHEREFORE,** Plaintiff requests that this Court:

    A. Enter a finding that Defendant retaliated against her in violation of the Equal Pay Act;

    B. Award Plaintiff lost wages;

    C. Award Plaintiff liquidated damages;

    D. Award Plaintiff her reasonable attorneys' fees and costs incurred in bringing this action; and

E. Award any further relief this Court deems to be just and appropriate.

## COUNT VI
## RETALIATION IN VIOLATION OF THE ILLINOIS EQUAL PAY ACT

53. Plaintiff incorporates by reference the preceding paragraphs 1 through 30 as though fully set forth herein this Count VI.

54. Plaintiff engaged in protected conduct when she complained about being paid less than her male counterparts, filed her EEOC charge, and filed this lawsuit.

55. Defendant intentionally retaliated against Plaintiff by issuing her a mediocre faculty evaluation which included false and/or unjustified performance criticisms, by refusing to remedy the pay disparity, and by removing her from her elected position on the Faculty Advisory Committee.

56. Defendant engaged in the aforesaid retaliatory acts with malice and/or with reckless indifference to Plaintiff's rights under the Illinois Equal Pay Act.

57. As a direct and proximate result of said acts, Plaintiff has suffered loss of income, emotional distress, and future lost income and profits.

**WHEREFORE,** Plaintiff requests that this Court:

A. Enter a finding that Defendant retaliated against Plaintiff in violation of the Illinois Equal Pay Act;

B. Award Plaintiff lost wages;

C. Award Plaintiff liquidated damages;

D. Award Plaintiff her reasonable attorneys' fees and costs incurred in bringing this action; and

E. Award any further relief this Court deems to be just and appropriate.

## **JURY DEMAND**

Plaintiff hereby demands trial by jury on all issues herein.

                                            Respectfully submitted,

                                            DR. DEANA MCDONAGH

                                            By:  */s/ Kate Sedey*
                                            One of Plaintiff's Attorneys

Kate Sedey
Kristin M. Case
The Case Law Firm, LLC
250 S. Wacker Drive, Suite 230
Chicago, Illinois 60606
Tel. (312) 920-0400
Facsimile (312) 920-0800
ksedey@thecaselawfirm.com